## APPEAL OF SCOTT B. APPLEBY, JR.

Docket No. 2461. Submitted July 8, 1925. Decided October 28, 1925.

*D. N. Burnham, C. P. A.*, for the taxpayer.
*Benjamin H. Saunders, Esq.*, for the Commissioner.

### Before GREEN and LOVE.

The Commissioner has determined a deficiency in income taxes for the years 1919, 1920, and 1921, in the sum of $4,269.91, of which approximately $4,000 is in controversy. Numerous errors are alleged in the petition and denied by the answer. By reason of lack of proof, only one of these requires our consideration. It is alleged and denied that the Commissioner erroneously included in gross income the sum of $3,000.

### FINDINGS OF FACT.

The taxpayer resides and has his principal office in Washington, D. C. He owns and operates a loan business with branch offices in nine cities.

Taxpayer, on the 25th day of March, 1916, as party of the first part, the Norfolk Bank for Savings and Trusts, trustee, as party of the second part, and Patti S. Appleby, as party of the third part, entered into a certain agreement whereby taxpayer conveyed to the said trustee certain designated real estate to secure the faith-

ful performance by the taxpayer of a certain agreement and the payment of $250 a month by the party of the first part to the party of the third part and the payment by him of the taxes, insurance, and upkeep of the property included in such agreement. Said agreement provided for the taking over of the property by the trustee and the operation or sale thereof in case of default, with the provision that, upon the death or remarriage of the party of the third part, title to said property should be conveyed by the trustee to the party of the first part.

The Commissioner concedes mathematical errors in the computation of depreciation for each of the three years in question in the sum of $100 and an additional error of $9.96 in the computation of depreciation for the year 1921.

### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on consent or on 10 days' notice, in accordance with Rule 50.