LEONARD MARSHALL WRIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45508. Promulgated May 9, 1932.

*Watson Washburn, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

Van Fossan: In *J. V. Leydig*, 15 B. T. A. 124; affd., 43 Fed. (2d) 494, we stated "the rule to be that income *per se* can not be assigned to relieve the assignor of the tax levy, but where the thing assigned was a property right, real or personal, productive of income, income thereafter arising from such property is income to the assignee by virtue of his ownership."

A situation very similar to the instant case was considered by the Board in *Charles W. Walworth*, 6 B. T. A. 788. There petitioner signed a contract on November 29, 1920, to sell his home for $115,000, receiving $25,000 on account. Pursuant to a previous oral promise, on December 29, 1920, he deeded a one-half interest in the property to his wife, at the same time assigning to her a one-

half interest in the contract to sell. The closing took place on January 3, 1921. The husband, with the wife's consent, deposited the entire purchase price in his personal bank account, crediting his wife with one-half thereof on his books of account and subsequently turning over to her an equivalent amount of assets. The Board held that the wife effectively acquired a one-half interest in the property and the contract to sell and when the sale was later consummated she was taxable with one-half the profit.

If there be any substantial difference between the above case and the case at bar the advantage thereby accruing is all with the petitioner. In the instant case the deed to the wife preceded the signing of the contract to sell. The contract to sell was actually signed by both petitioner and his wife, no assignment being involved. Further, we note that the purchase money was paid in two checks, one each to the petitioner and his wife, and that petitioner never received or controlled in any way the share intended for his wife, a more conclusive state of facts than obtained in the *Walworth* case.

The reasoning which impelled the *Walworth* decision, which has been cited with approval in *Oscar Deinert*, 11 B. T. A. 651; *J. V. Leydig, supra;* and *William Ernest Seatree*, 25 B. T. A. 396, we believe to be sound and to apply with equal or greater force in the instant case.

The transfer of the undivided one-half interest in the corpus of the property preceded the sale. This transfer was of a very real interest in the property itself and was not a mere assignment of income. The present case presents a consistent treatment—an expressed intention to deed half the property to the wife, the deed in pursuance of the intention, the joining of both husband and wife in the contract to sell and the consequent deed, the individual payments to each, and the permanent retention of the proceeds by each.

Under these facts we hold respondent to be in error in taxing the entire profit to petitioner.

*Decision will be entered for the petitioner.*