REGINALD BROOKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68560. Promulgated August 10, 1934.

*Jacob Mertens, Jr., Esq., Marshal Stearns, Esq.,* and *Charles B. McInnis, Esq.,* for the petitioner.

*George D. Brabson, Esq.,* for the respondent.

#### OPINION.

GOODRICH: Petitioner, a resident of New York City, assails respondent's determination of a deficiency of $2,433.80 in income tax for 1930, raising two issues—first, whether he is taxable on the income of an irrevocable trust established during the pendency of divorce proceedings and intended as a settlement of the property rights as between himself and his wife, arising from the marriage relationship; and, second, whether he is entitled to receive, tax-free, a part, representing return of capital, of the income received by him in 1930 as a beneficiary of a testamentary trust.

The parties submitted an agreed statement of facts, which we adopt as our findings. It appears that on June 5, 1930, a decree of divorce was entered in one of the courts of the State of Florida in an action brought against petitioner by his then wife, Mary Elizabeth Brooks. No provision was made in the decree respecting the property rights of the complainant, but the day before, on June 4, 1930, the parties had agreed upon a trust indenture which was intended as a settlement of property rights arising from the relationship of marriage. The trustee named, which was the United States Trust Co. of New York, accepted the trust on June 11, 1930, and on that day petitioner transferred to it certain securities named in the indenture. The trustee was authorized in its unlimited discretion to manage, sell, invest, and reinvest the property, to collect the income, and to pay therefrom, in addition to the charges of management, $12,000 a year in quarterly installments, to Mary Elizabeth Brooks during her life, and to pay all income in excess of that amount to petitioner. It further provided that should Mary Elizabeth Brooks die while petitioner still lived, the entire income was to be paid to him, and that upon his death, should he survive her, and upon her death subsequent to his the trust should terminate and the trustee should transfer the trust property to petitioner's residuary estate, to be disposed of by his will. No power was reserved to petitioner to administer, modify, or revoke the trust. During 1930 the trustee collected income from the trust property in the amount of $7,871, which it divided, $6,866.67 to Mary Elizabeth Brooks, and $1,004.33 to petitioner. Respondent has included in petitioner's income for 1930 the entire sum so collected by the trustee. Petitioner contends the amount paid to his former wife should not be included in his income.

With respect to the second issue the facts are that under the will of his grandmother, who died in 1890, petitioner was made beneficiary of a testamentary trust, receiving for life the income of the trust property, which, upon his death, was to go to his children or, in event of failure of issue, to his sisters or their children. This trust is still in existence. On March 1, 1913, when petitioner was 41 and had a life expectancy of 27 years, the trust corpus had a value of not less than $482,599.37, and the annuity value of the income was $288,045.79. From that date to and including December 31, 1930, petitioner received from the trust payments totaling $498,091.20, of which $36,162.06 was paid him in 1930. In his return petitioner reported $33,932.22 of the payments so received (the difference of $2,229.84 consisting of certain nontaxable items), but now contends that a part of the trust income (the petition claims $10,668.36) represented a return of capital—that is, a recovery of the

value of his annuity as of March 1, 1913—and should not be included in his income.

As to the first issue respondent maintains that because this trust was created as a means of settlement of the property rights of the parties arising from the marital relation and perhaps to provide payments in lieu of alimony, the income from it was applied to the discharge of petitioner's obligations and therefore must be treated as his income. He relies upon *Gould* v. *Gould*, 245 U.S. 151; *Frank P. Welch*, 12 B.T.A. 800; *Mary R. Spencer*, 20 B.T.A. 58, and calls attention to article 281 of his Regulations 74, ruling that alimony or allowances paid under a separation agreement are not deductible from income of the taxpayer making the payments.

We disagree with his view. The cited portion of the regulations we need not discuss, for we are concerned here not with deductions from income, but with what constitutes income. The fundamental inquiry is whether this petitioner made a valid transfer of certain of his property to an irrevocable trust and, if he did, whether the income thereafter arising from that property belonged to him.[1]

That petitioner did make a valid and irrevocable disposition and divested himself of the property forming the corpus of the trust seems indisputable. The trustee took over the title, possession, and control of the securities and continued to hold and deal with them in its discretion. Petitioner had no power to change the investments or otherwise administer the trust, or to modify or revoke it. True, the property was to revert to his residuary estate upon the termination of the trust when both Brooks and his divorced wife should be dead, and was then to be disposed of by his will, but by the indenture he had divested himself for the rest of his life of all the incidents of ownership save the right to receive such revenues from the property as there might be in excess of $12,000 a year, and to receive the whole income in the event Mrs. Brooks predeceased him. Consequently, petitioner having transferred the property, it would seem to follow that the income thereafter arising therefrom, except as to the excess over the stated amount, would not belong to him.

But respondent contends that petitioner's motive in establishing the trust was such that, despite his transfer of the property from which the income arose, that income is taxable to him. He points out that by creating this trust Brooks has arranged for his divorced wife to receive sums in discharge of her claims arising from the

---

[1] An assignment of income does not relieve the assignor of the tax thereon, but if property or property rights are assigned the income subsequently arising therefrom is not taxable to the assignor, for the reason that the property no longer belongs to him, and, therefore, the income from such property belongs, not to him, but to the new owner. *William Ernest Seatree*, 25 B.T.A. 396; affd. (App.D.C.), 72 Fed. (2d) 67. *Leonard Marshall Wright*, 26 B.T.A. 21; *Emily Gale Lowery*, 27 B.T.A. 137.

marriage relation, which, without the trust, would have been paid to her as alimony or separation allowance; that Brooks has thus managed to exclude from his taxable income $12,000 a year which otherwise he would have received and which the law would not permit him to deduct, with the result that the tax on that amount has been avoided.

We are not prepared to say that the reasons and intentions motivating the creation of a trust are immaterial,[2] even though the rule that ownership of the income, and the burden of the tax thereon, follows ownership of the property from which it arises, has been adhered to and restated in so many decisions of this Board and the courts. But we do say that in the case at bar, being satisfied that a valid and irrevocable trust was established in good faith, and property transferred to it by petitioner, we see no adequate reason for holding otherwise than that the revenues from that property thereafter should not be included in his income. So far as the record before us shows, this trust indenture was not submitted to the court having jurisdiction of the divorce suit and was not taken into consideration in its decree. We do not know what valid claim Mary Elizabeth Brooks had against petitioner or his property; we do not know the circumstances underlying the divorce proceedings, nor whether the plaintiff therein was entitled to or would have been awarded alimony. Those considerations are here immaterial. It must be recognized that the proceeds of many transactions are taxable or nontaxable according to the method and means by which the transaction is consummated; that receipts which in one form may be taxable income are, in another, not subject to the levy; that funds which, if received, constitute taxable income and are not deductible therefrom though applied to a particular end, may still be so used without coming into income and the purpose served, tax-free.[3] Here petitioner chose a tax-saving means of making payments to Mrs. Brooks. Had he undertaken to pay alimony or separation allowance his payments would not be deductible from his income, but that he did not do. He created an irrevocable trust, and transferred to it certain of his property, divesting himself of all ownership save the right to receive the income above a certain amount until the death of the trust beneficiary. Individually, he undertook no payments to Mrs. Brooks, and the fact is that the amounts she received were not payments of alimony or separation allowance, but earnings of the trust property. It is apparent that by this arrangement petitioner avoids tax on returns from prop-

---

[2] See *Stoddard* v. *Eaton*, 22 Fed. (2d) 184; *Anderson* v. *Wilson*, 289 U.S. 20; *Burnet* v. *Wells*, 289 U.S. 670.

[3] *Lucy A. Blumenthal*, 30 B.T.A. 591.

erty which otherwise would be included in his income. That result is neither morally nor legally wrong, provided he accomplished it by lawful means, and there is no suggestion here that he did not. We conclude that respondent erred in including in petitioner's income the $6,866.67 paid to Mrs. Brooks by the trustee. As to the $1,004.33 received by petitioner, no dispute is raised concerning the propriety of respondent's action in taxing it.

This result is in accord with our decision in *S. A. Lynch*, 23 B.T.A. 435. The opinion in that case distinguishes it from *Frank P. Welch, supra*, and *Gould* v. *Gould, supra*, and those comments are applicable here (cf. also *Frank Turner*, 28 B.T.A. 91; and *John M. Longyear, Jr.*, 28 B.T.A. 1086, where, as in the *Welch* case, the securities were deposited as collateral to assure payments previously agreed to). Nor is the decision in *Mary R. Spencer, supra*, in point, for that case involved quite a different question, namely, the taxability of the beneficiary of a trust upon payments received thereunder in lieu of either alimony or dower rights. Here, we do not have before us the question of the taxability of the trust income so far as concerns the fiduciary or Mrs. Brooks and we do not decide upon whom that tax, if any, should fall. We point out, however, that this question is readily determinable under section 161, in conjunction with its exceptions in section 166 and 167, Revenue Act of 1928; see *Margaret A. Holmes*, 27 B.T.A. 660; *Helvering* v. *Butterworth*, 290 U.S. 365.

Petitioner's second contention is that he should be permitted to receive tax-free, prorated over the period of his life expectancy from March 1, 1913, the value as of that date of his right to receive income from the Higgins trust, and that the amount received from the trust in 1930, and included in his income, should be reduced accordingly. This same contention, made in connection with his demand for refund of taxes paid in prior years upon income received by him from this trust, was decided recently against him by the Court of Claims; see *Brooks* v. *United States*, 6 Fed. Supp. 844. With the decision in that case we are in accord, and see no necessity for here enlarging upon the discussion set forth in the opinion of the court.

*Judgment will be entered under Rule 50.*