JAMES H. HYDE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 65495, 69952.   Promulgated October 3, 1934.

*Campbell E. Locke*, *Esq.*, for the petitioner.
*R. W. Wilson*, *Esq.*, for the respondent.

#### OPINION.

SMITH: These proceedings, consolidated for report, involve income tax deficiencies for 1929 and 1930 of $5,678.33 and $4,859.01. The allegation of error common to both proceedings is that the respondent erred in including in the income of the petitioner $27,494.66 for the year 1929 and $27,948.54 for the year 1930, which amounts represented income paid during those years to Martha Leishman Hyde, who, prior to her divorce, had been the wife of the petitioner, from a trust estate created for the benefit of the said Martha Leishman Hyde in and under an indenture of trust dated August 2, 1919, executed by the petitioner.

The parties have stipulated the facts as follows:

(1) On or about the 29th day of October, 1918, the petitioner and Martha Leishman Hyde, who was then the wife of the petitioner, and Walter V. R. Berry, therein called the Trustee, entered into an agreement in writing bearing date that day, a copy of which is hereto annexed marked " Schedule A" and made a part hereof with like force and effect as if incorporated herein at length.

(2) On or about the 13th day of February, 1919, the said Martha Leishman Hyde obtained a decree of absolute divorce against the petitioner in the Civil Tribunal of First Instance of the Department of the Seine, Republic of France. Said decree contained no provision for alimony or otherwise for the support or maintenance of the said Martha Leishman Hyde.

(3) Thereafter and on or about the 2nd day of August, 1919, the petitioner made and entered into a certain indenture of trust bearing date that day with The Farmers Loan and Trust Company, of the City of New York, in the State of New York, therein called the Trustee, a copy of which is hereto annexed marked " Schedule B " and made a part hereof with like force and

effect as if incorporated herein at length. Said indenture of trust was not made pursuant to the order or direction of any court or tribunal.

(4) During the years 1929 and 1930, the said Martha Leishman Hyde did not remarry.

(5) City Bank Farmers Trust Company, the successor Trustee under said indenture of trust bearing date the 2nd day of August, 1919 (a copy of which is hereto annexed marked "Schedule B"), paid to said Martha Leishman Hyde out of the net income arising from the trust created by said indenture of trust sums aggregating $27,494.66 during the year 1929 and $27,948.54 during the year 1930.

(6) The respondent determined that said sums should properly be regarded as taxable income of the petitioner and asserted deficiencies in income taxes against the petitioner for 1929 amounting to $5,678.33 and for 1930 amounting to $4,859.01, and in these proceedings the petitioner seeks a redetermination of said deficiencies.

The agreement of October 29, 1918, provided in part as follows:

I.

The wife shall bring an action in divorce before the Tribunal of the Seine, against the husband, based upon grounds of desertion only. * * *

*  *  *  *  *  *  *  *

IV.

The husband shall execute a Trust Deed wherein he shall cause to be set aside certain securities belonging to him, for the purpose of creating a Trust Fund sufficient to produce an annual income of thirty thousand dollars, which said income shall be paid annually to the wife in quarterly instalments, during her lifetime. In the event, however, of the remarriage of the said wife, the principal of said Trust shall be reduced so that the annual income therefrom will amount to fifteen thousand dollars (15,000.__) payable in the manner and at the times hereinabove specified. Upon the death of said wife, said Trust shall be terminated and the principal thereof shall revert to the husband; or, in the event of his prior death, to his lawful heirs and next of kin, or to such persons as he may have appointed by testament to receive the same.

*  *  *  *  *  *  *

XII.

The wife agrees to sign at all times and on demand all waivers of dower or other rights, either special or general.

The indenture of trust of August 2, 1919 (Schedule B), provided in part as follows:

THIS INDENTURE made this Second day of August, 1919, between JAMES HAZEN HYDE of Islip, Suffolk County, State of New York, United States of America, Party of the first part, MARTHA LEISHMAN HYDE, of 9, Avenue Bugeaud, Paris, France, Party of the second part, and THE FARMERS LOAN AND TRUST COMPANY, of 16–22 William Street, in the City and State of New York, hereinafter called "the Trustee," Party of the third part,

WITNESSETH:

WHEREAS the party of the second part did, on the thirteenth day of February 1919, obtain a decree of absolute divorce against the party of the first part, in

the Civil Tribunal of First Instance of the Department of the Seine, Republic of France; and

WHEREAS the party of the second part has agreed to abandon, relinquish and waive all claims she may have against the party of the first part for alimony, dower, support and maintenance in consideration of the party of the first part agreeing to enter into this Indenture.

NOW THEREFORE, in consideration of the premises and of the covenants herein contained, and in consideration of the party of the second part abandoning, relinquishing and waiving all claims she may have against the party of the first part for alimony, dower, maintenance and support, and of the sum of One Dollar ($1.00) lawful money of the United States in hand paid by the party of the second part to the party of the first part, at or before the ensealing and delivery of these presents (the receipt whereof is hereby acknowledged), and for other good and valuable considerations, the Party of the first part has granted, conveyed, assigned, set over and delivered, and by these presents does grant, convey, assign, set over and deliver to the Trustee, its Successors and Assigns, the securities set forth and described in Schedule "A" hereto annexed and made a part hereof, IN TRUST NEVERTHELESS, for the uses and purposes and subject to the terms and conditions, powers and agreements hereinafter set forth:

FIRST.—To hold, manage, invest, reinvest and keep the same invested, to collect, recover and receive the rents, issues and profits thereof and, after deducting the commissions of the Trustee and all proper taxes, and expenses of said trust, to pay over the net income therefrom, in equal quarter yearly instalments to the party of the second part during her natural life, and for so long as said party of the second part shall not remarry, PROVIDED HOWEVER, that the total amount of such net income shall not be less than nor exceed the sum of THIRTY THOUSAND DOLLARS ($30,000.00) per annum; and at her death, to pay over the principal of said trust fund, together with all accrued rents, revenues and income therefrom, absolutely and forever to the party of the first part, or to his Executors, Administrators, Successors or Assigns; and in the event that at any time the net rents, revenues and income of the said securities after deduction of all proper commission of the trustee, expenses of the trust, and taxes, shall exceed the said sum of Thirty thousand dollars ($30,000.00) per annum, then to pay over such surplus income to the party of the first part.

\*  \*  \*  \*  \*  \*  \*

Pursuant to the indenture of trust of August 2, 1919, the petitioner turned over to the trustee bonds of a par value of $783,000, the annual interest upon which amounted to $30,000.

In the notice of deficiency upon which the proceeding in Docket No. 65495 is predicated it is stated:

The amount of $27,494.66, representing income from the trust under indenture, August 2, 1919, for James H. Hyde and Martha L. Hyde, is held to be taxable income to you since this amount was paid by you to Martha L. Hyde in lieu of alimony and dower rights. (See case of *Mary R. Spencer*, United States Board of Tax Appeals, volume 20, page 58).

The deficiency notice upon which the proceeding in Docket No. 69952 is predicated stated: " the income from the Martha Leishman Trust (u/ind 8/2/19), is held to represent income taxable to you. \* \* \*"

· Section 161 of the Revenue Act of 1928 provides in part as follows:

(a) *Application of tax.*—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \* \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries \* \* \*

## Section 162 provides in part:

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or. trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. \* \* \*

## Section 167 provides:

Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (n), relating to the so-called " charitable contribution " deduction), such part of the income of the trust shall be included in computing the net income of the grantor.

The respondent has determined the deficiency for the year 1929 upon the basis of the opinion of this Board in *Mary R. Spencer*, 20 B.T.A. 58. The facts in that case were that the petitioner, pending hearing of her action for divorce, entered into an agreement with her husband whereby a trust fund was created from his estate, the income thereof not in excess of $14,000 per year to be paid to her yearly for support of herself and child and for release of her dower rights, the trust to become effective only if and when she secured a decree of divorce. In our opinion we stated:

\* \* \* To the extent that the payments received in the taxable years by petitioner represent sums in lieu of alimony, we hold they do not represent income to petitioner. *S. B. Appleby, Jr.*, 2 B.T.A. 1061; *Jane B. Coates*, 3 B.T.A. 429. In so far as they may represent payments in lieu of dower rights, the same conclusion must be reached. *Warner* v. *Walsh*, 15 Fed. (2d) 367; *United States* v. *Bolster*, 26 Fed. (2d) 760; *Jacob W. Frank*, 19 B.T.A. 915.

In *Helvering* v. *Butterworth*, 290 U.S. 365, the Supreme Court stated:

Prior to *Warner* v. *Walsh*, 15 F. (2d) 367, *United States* v. *Bolster*, 26 F. (2d) 760, and *Allen* v. *Brandeis*, 29 F. (2d) 363, the Commissioner ruled that distributions from the income of a trust estate to the widow who elected to

take under her husband's will in lieu of her statutory interest were taxable to her. These cases held that by relinquishment of her rights, she came to occupy the position of the purchaser of an annuity. They decided that payments to her were not subject to taxation until her total receipts from the trust estate amounted to the value of what she relinquished—her alleged capital. Thereafter, in similar cases, the Commissioner refused to give credit to the trustee for such payments and thus the present causes arose.

We cannot accept the reasoning advanced to support the three cases just cited. The evident general purpose of the statute was to tax in some way the whole income of all trust estates. If nothing was payable to beneficiaries, the income without deduction was assessable to the fiduciary. * * *

If the income of a trust estate is distributed or distributable it is taxable to the beneficiary. If the income is not distributable within the taxable year it is ordinarily taxed to the trust. Where, however, the grantor may revoke the trust during the taxable year or where the income of the trust estate may be utilized by the grantor for the payment of premiums on his life insurance policies or for the satisfaction of other valid claims against him the grantor by special provisions of the statute may be liable to income tax in respect of such amounts.

In the instant proceeding there is no claim made by the respondent that the trust of August 2, 1919, was revocable. Nor is any claim made that the income could be applied to the payment of premiums on insurance policies on the life of the grantor. Where, then, is there any valid claim that the grantor, the petitioner herein, is taxable upon the income of the trust fund?

We think that no question can be raised but that a husband may make a valid gift of property to his wife and that thereafter the income from the donated property is the taxable income of the wife and not of the husband. We likewise think that it is plain that where a husband in good faith and not for the purpose of avoiding taxes creates a trust, the income from the trust fund to be paid currently to the wife, and the husband does not retain a power of revocation, the husband is not taxable upon income paid to the wife. We can not see how the rule is any different where the husband creates a trust fund for the benefit of his divorced wife. Nor do we think it makes any difference that the divorced wife in the proceedings at bar relinquished all claims for alimony, dower rights, maintenance, and support in connection with the creation of the trust fund. See *Reginald Brooks*, 31 B.T.A. 70. She did not thereby acquire the right to receive the income from the fund by purchase for a valuable consideration. *Helvering* v. *Butterworth, supra.* In *Reinecke* v. *Smith*, 61 Fed. (2d) 324, the Circuit Court of Appeals for the Seventh Circuit held:

The power of Congress as to the taxation of the income of trusts which are under the unfettered control of the grantor or which may be created in the future is broad. *Corliss* v. *Bowers*, 281 U.S. 376, 50 S.Ct. 366, 74 L.Ed. 916; *Milliken et al.* v. *United States*, 283 U.S. 15, 51 S.Ct. 324, 75 L.Ed. 809; *Taft* v. *Bowers*, 278 U.S. 470, 49 S.Ct. 199, 73 L.Ed. 460, 64 A.L.R. 362; *Purity Extract Co.* v. *Lynch*, 226 U.S 192, 33 S.Ct. 44, 57 L.Ed. 184; *Jacob Ruppert* v. *Caffey*, 251 U.S. 264, 40 S.Ct. 141, 64 L.Ed. 260; *Lambert* v. *Yellowley*, 272 U.S. 581, 47 S.Ct. 210, 71 L.Ed. 422, 49 A.L.R. 575. All measures reasonably necessary to prevent escape from taxes or surtaxes may be adopted.

When an attempt is made to apply those measures to past lawful transactions by which the grantor has parted with control over the trust fund and has made it impossible to regain such control by his own act, a different question arises. Under the broadest conception of legislative power, that which is not the income of the taxpayer and which it it impossible for him to make a part of his income may not be required arbitrarily to be included in his income. Such an attempt amounts to confiscation, and offends the Fifth Amendment. *Nichols* v. *Coolidge*, 274 U.S. 531, 542, 47 S.Ct. 710, 71 L.Ed. 1184, 52 A.L.R. 1081; *Heiner* v. *Donnan*, 285 U.S. 312, 326, 327, 52 S.Ct. 358, 76 L.Ed. 772.

The Supreme Court reversed the judgment of the Circuit Court of Appeals in the foregoing case (*Reinecke* v. *Smith*, 289 U.S. 172) on the ground that the word " beneficiary " in section 219 (g) of the Revenue Act of 1924 did not include a trustee, but did not disturb the fundamental proposition of law enunciated by the Circuit Court of Appeals.

The subsequent cases of *Burnet* v. *Wells*, 289 U.S. 670, and *DuPont* v. *Commissioner*, 289 U.S. 685, are distinguishable from *Reinecke* v. *Smith*, *supra*, in that in those two cases there was involved the construction of an entirely different and distinct provision of the Revenue Acts of 1924 and 1926, subdivision (h) of section 219, providing for the taxation to the creator of a trust of such part of the income thereof as is applied to the maintenance of insurance on his life. We have not the same situation before us.

In *Frank Turner*, 28 B.T.A. 91, we held that where there was a deposit of stock to trustees under a separation agreement the deposit of collateral was to insure the performance of petitioner's obligations under the contract and was not an irrevocable assignment of title and ownership of the stock. That case was affirmed by the Circuit Court of Appeals for the Second Circuit without opinion June 27, 1934. That case is clearly distinguishable from the present one upon its facts.

In *Douglas* v. *Willcuts*, decided by the United States District Court for the District of Minnesota, and reported at paragraph 9483 of Commerce Clearing House Federal Tax Service for 1933, Vol. III, it was held that income in 1927 and 1928 from property previously irrevocably transferred by the petitioner in trust for his divorced

wife pursuant to an agreement for compensation to her in lieu of alimony was not taxable to the grantor, the petitioner, but was taxable to his divorced wife. To the same effect is *S. A. Lynch*, 23 B.T.A. 435. We think that the same rule should apply here.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

GOODRICH and ADAMS concur in the result.

---

VAN FOSSAN, dissenting: I am unable to agree with the ruling of the majority of the Board. It seems clear that the trust in question brings the instant case within the reasoning of the Court of Appeals for the Eighth Circuit in *Willcuts* v. *Douglas*, 73 Fed. (2d) 130, where the court held that such a trust relieved the trustor of the payment of legal obligations he was bound to meet and thus directly benefited him. Any other decision points the way to the evasion of taxes justly due.