John T. McLane and Mary E. McLane, Husband and Wife v. Commissioner.
John T. McLane v. Commissioner
Docket No. 17070.
United States Tax Court
1948 Tax Ct. Memo LEXIS 94; 7 T.C.M. (CCH) 649; T.C.M. (RIA) 48175; September 14, 1948
*94 Held, the income of a certain trust was taxable to petitioner grantor. J. Paul Farrell, Esq., 520 Locust St., McKeesport, Pa., for the petitioners. Hobby H. McCall, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion VAN FOSSAN, Judge: The Commissioner determined a deficiency in income tax of $8,905.20 for the year 1944. The question involved is whether the net income for 1944 of a trust, of which the petitioner, John T. McLane, is grantor, is includible in petitioners' taxable income for 1944. Findings of Fact The petitioners are husband and wife and reside in McKeesport, Pennsylvania. They filed a joint income tax return for the year 1944 with the collector of internal revenue for the *95 23rd district of Pennsylvania. On December 29, 1932, John T. McLane, hereinafter referred to as the petitioner, became the owner of 1,250 shares of stock of the Sun Rubber Co. of Barberton, Ohio, under the terms of an agreement entered into by himself and McLane Co., Inc., as follows: "JOHN T. McLANE hereby agrees to indorse and guaranty payment of all the various notes and obligations of the McLane Co., Inc. now due and owing to the National Bank of McKeesport, the Union National Bank of McKeesport and the Peoples-City Bank of McKeesport, and to give as security for such endorsements and guaranties his individual judgment bond in the sum of $50,000.00 secured by a mortgage on his individual property situate at #528-530-532 Ringgold Avenue, McKeesport, Pennsylvania. "In consideration whereof the McLANE CO., INC., cestui que trust of 1250 shares of stock in the Sun Rubber Co. of Barberton, Ohio, held by John T. McLane as trustee, hereby renounces, remises and releases in favor of John T. McLane and his successors and assigns all right title and interest in law and/or in equity in the said shares, so that he and his successors or assigns be and become the full and absolute owner *96 of the same in his own right, this action being taken pursuant to a resolution of the board of directors at a regular meeting held December 29th, 1932, all members of the board being present and agreeing thereto." The petitioner entered into an agreement with the three above named banks under which he assumed the obligations of McLane Co., Inc. then due and owing to them and gave a mortgage on his property as security for the assumed indebtedness. On July 9, 1935, the petitioner created a trust for the purpose of "making provision for the creditors of the donor" whereby he placed in trust with the trustees therein named the 1,250 shares of common stock of Sun Rubber Co. acquired from McLane Co., Inc., together with 384 shares of the same company, which he had previously bought and paid for. Under the terms of the trust agreement all dividends received on the 1,634 shares of stock, together with all proceeds of sale or redemption thereof, were to be held for the benefit of the National Bank of McKeesport, the Peoples-City Bank of McKeesport, and the Union National Bank of McKeesport, and their successors and assigns, creditors of the donor, and "on the first day of March of *97 each year after the date hereof or promptly, upon the written request of any one or more of the creditors, the trustees shall distribute among the creditors all proceeds of the sale or redemption of the said stock or any part thereof and all dividends received thereon after deducting the amount of taxes which the said trustees shall have been required to pay by reason of the ownership, sale or redemption of said stock or by reason of dividends received thereon; each of the creditors shall receive a share in all such proceeds which shall be in that proportion which the total of the obligations, both primary and secondary, of the donor to the particular creditor bears to the total of the obligations, both primary and secondary, of the donor to the three creditors, at the time each distribution shall be made." The trust agreement further provides that so long as any obligation of the donor to any one or more of the creditors remains unpaid no alteration, amendment or displacement shall be made without the written consent of each of the unpaid creditors and any alteration, amendment or displacement made during such time without such consent shall be void and of no effect. After all obligations, *98 both primary and secondary, of the donor to the creditors shall have been paid in full the trustees shall hold the balance in trust to be distributed by them in accordance with instructions in writing to be executed and delivered to them by the donor and in default of such written instructions the balance shall be delivered to the McLane Co., Inc., a corporation of the Commonwealth of Pennsylvania. Under date of June 24, 1937, petitioner executed an agreement as follows: "It has been agreed by the undersigned that the 1634 shares of the stock of the Sun Rubber Company, an Ohio Corporation, held in trust by Josie E. McLane and Joseph L. McLane under Trust Agreement dated July 9, 1935, in which John T. McLane is named as the donor, shall upon the termination as provided for in said agreement be distributed as follows: "To John T. McLane
384 shares
"To John T. McLane
219 shares
"To Joseph L. McLane
300 shares
"To Thomas W. Smith, Jr.
327 shares
"To LeRoy Lawther
154 shares
"To C. Albert Ball
5 shares
"To Henry Ahlquist
10 shares
"To James F. Kemp
10 shares
"To James T. Duncan
5 shares
"To S. J. Grenet (Est.)
15 shares
"To A. E. Swartz
50 shares
"To W. H. Copeland
50 shares
"To Minnie Niehouse
25 shares
"To Andrew Hunter
70 shares
"To John Scott
5 shares
"To Arthur Ball
5 shares
"Total
1634 shares
*99 "It is intended that this agreement shall be legally binding. ) "John T. McLane (SEAL) "Signed) "Thomas W. Smith, Jr. (SEAL) ) "Joseph L. McLane (SEAL)" The petitioner paid the tax on the income of the trust created July 9, 1935, every year up to 1944. The income of such trust for 1944 was not reported in the 1944 joint income tax return of petitioner and his wife. A fiduciary income tax return was filed for the year 1944 by the trustees of the trust created July 9, 1935, designated as the "John T. McLane Trust" in which was reported a total income of $12,272 and a net income taxable to the fiduciary of $10,740.84. In determining the deficiency herein the Commissioner included in the taxable income of petitioners for 1944 the "net income of $11,240.84 for the year 1944 of the trust known as John T. McLane Trust." Opinion In the notice of deficiency respondent determined that the income of the trust here in question was taxable to petitioner, the donor of the trust. At the hearing petitioner introduced in evidence the several agreements referred to in the findings of fact and thereupon rested his case. Respondent promptly moved for a judgment on the record on the ground *100 of failure of proof. The motion, which might properly have been granted at that time, was taken under advisement by the Court. Certain additional documents were presented by respondent and the record closed. The provisions of the trust agreement, without more, are conclusive of petitioner's rights. The income of the trust was specifically to be paid to petitioner's creditors in reduction of his indebtedness to them. Plainly, the payments were for the benefit of petitioner, the donor. Thus the trust runs squarely into the provisions of section 167 (a), I.R.C., and Regulations thereunder. The authorities also clearly support respondent's holding. Douglas v. Willcuts, 296 U.S. 1; Clifton B. Russell, 5 T.C. 974, and Lucy A. Blumenthal, 30 B.T.A. 591. Decision will be entered for the respondent.