## WILSON, Assignee, *v.* NATIONAL BANK OF ROLLA.

*(Circuit Court, W. D. Missouri.   July 23, 1880.)*

1. BANKRUPTCY—SET-OFF—USURY—REV. ST. § 5073.—Section 5073 of the Revised Statutes, relating to set-offs in bankruptcy proceedings, provides that "in all cases of mutual debts or mutual credits between the parties the account between shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid; but no set-off shall be allowed in favor of any debtors to the bankrupt of a claim in its nature not provable against the estate, or of a claim purchased by or transferred to him after the filing of the petition. *Held*, that under this section a judgment obtained by an assignee in bankruptcy, for a penalty incurred by the violation of a state statute against usury, could not be set-off against a claim of the judgment debtor against the bankrupt estate.

2. SAME—JURISDICTION OF CIRCUIT COURT—BILL OF REVIEW—REV. ST. § 4986.—Under section 4986 of the Revised Statutes the circuit court has jurisdiction of a bill to set aside an order of the district court directing such offset to be made.

Bill of Review.

*B. B. Kingsbury,* for plaintiff.

*L. F. Parker,* for defendant.

McCRARY, C. J.   This is a case growing out of proceedings in the district court in the matter of William James, bankrupt. The defendant was a creditor of said bankrupt, and proved its claim, which was upon a promissory note amounting, with interest, to $5,000. The note was secured by mortgage, but after exhausting the security there remained a balance due against the bankrupt's estate of $2,803. The said note was usurious, and the assignee of said bankrupt, the present plaintiff, recovered judgment against the defendant for the statutory penalty for violating the usury law of Missouri in the sum of $620. This judgment was recovered some-

time after the commencement of the bankruptcy proceedings. Thereupon the defendant petitioned the district court for an order directing that the said sum of $620, the amount of said judgment, be applied as a credit or offset upon its claims against the estate. The district court granted the prayer of defendant's petition, and ordered the offset to be made accordingly. The present bill is brought to set aside this order as erroneous.

1. I am of opinion that this proceeding is properly instituted under the provisions of section 4986 of the Revised Statutes of the United States, which gives to the circuit court general superintendence and jurisdiction of all cases and questions arising in the district court when sitting as a court in bankruptcy.

2. The case upon the merits must turn upon the construction of section 5073 of the Revised Statutes, which is as follows:

"Section 5073. In all cases of mutual debts or mutual credits between the parties the account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid; but no set-off shall be allowed in favor of any debtor to the bankrupt of a claim in its nature not provable against the estate, or of a claim purchased by or transferred to him after the filing of the petition."

The defendant bank held an unsecured claim, duly proved, against the estate of the bankrupt, and the asssignee of the bankrupt held a judgment against the defendant bank for $620, for penalty incurred by the violation of the statute against usury. Were these "mutual debts" within the meaning of the statute? In order to make a proper case for set-off, under the statute, the debts must be mutual; must be in the same right. *Sawyer* v. *Hoag,* 17 Wall. 610, 622. If it be conceded that a judgment for this penalty, recovered by the bankrupt before his bankruptcy, would have been a debt, within the meaning of the statute, which could have been set off against the balance due on the bank's claim, does it follow that a judgment obtained by the assignee after the bankruptcy

must be regarded in the same light? It is very clear that a liability for violation of a penal statute is not a debt, within the terms of the law, and that is all the claim there was in favor of the bankrupt at the time of the adjudication in bankruptcy. As between the assignee and the bank is there such mutuality as the law requires? Are there two debts in the same right? The assignee sues on behalf of all the creditors, and the judgment recovered by him is assets in his hands for the payment, *pro rata*, of all the debts of the estate. The affairs of the bankrupt must be settled as of the date of his bankruptcy. If there was no right of set-off at that date there was none afterwards.

I am of the opinion that the "mutual debts" and "mutual credits" which may be set off under the act are such as existed at the time that the bankruptcy proceedings were commenced. It is expressly declared, in the section above quoted, that "no offset shall be allowed of a claim in its nature not provable against the estate." What claims are provable? This question is answered by the statute: "All debts due and payable from the bankrupt at the time of the commencement of the proceedings in bankruptcy * * * may be proved against the estate of the bankrupt." Rev. St. § 5067. And the same rule governs in determining what are assets of the bankrupt. These include "all the estate, real and personal, of the petitioner; all *debts* due him, or any person for his use; all his rights of action for property or estate;" and "any cause of action which he has against any person arising from contract," etc.; but do not include any cause of action founded in tort. The "mutual debts," then, to which the statute refers, are debts in favor of and against the bankrupt at the time of commencement of proceedings in bankruptcy. The judgment in question does not come within this definition. To hold otherwise, would, as it seems to me, amount to a practical discharge of the bank from its liability for a violation of the usury law. Its claim against the bankrupt's estate is certainly not worth its face, and probably worth little or nothing. Let us suppose a case where the assets are exhausted, and the estate is worthless. If such is not the

fact in this case, it may be in the next one, and so the illustration will serve to test the correctness of the construction contended for. In such a case we should be called upon to order that the party guilty of usury, and liable for a penalty therefor, should relieve himself from such liability by crediting the amount of the penalty upon a worthless claim against a bankrupt estate. That would be to defeat the evident purpose of the law. I am of the opinion that the bank must pay the judgment obtained by the plaintiff as assignee. Its share of the proceeds of the judgment will go to the satisfaction of its claim, but no more. The money, when collected, must be distributed *pro rata* among creditors.

The demurrer to the bill is overruled, and if the defendant stands upon its demurrer there will be decree for plaintiff, reversing the order of the district court, and directing proceedings in accordance with this opinion.