### In re HUBBARD.

(District Court, N. D. Illinois, N. D. December 23, 1899.)

BANKRUPTCY—EFFECT OF DISCHARGE—STAY OF PROCEEDINGS.

    A discharge in bankruptcy will not release the bankrupt from the obligation to obey an order made by a state court requiring him to pay a certain sum per week for the support of his minor children; and therefore proceedings for the enforcement of such order, so far as relates to the collection of weekly installments due after the filing of the petition in bankruptcy, will not be stayed by the court of bankruptcy.

In Bankruptcy. On motion to modify an order restraining the further prosecution of pending proceedings in a state court.

McClellan & Spencer, for bankrupt.

KOHLSAAT, District Judge (orally). In this matter a restraining order was heretofore entered ex parte, upon a petition which did not show the purpose of the order of the state court, and this is a motion to modify said restraining order by vacating such portion thereof as restrains the enforcement of the payment of $3.50 per week for the support of the bankrupt's two minor children subsequent to the filing of the petition herein. The bankruptcy act was passed to relieve persons bringing themselves within its provisions from the incubus of hopeless indebtedness, but it was not intended to, nor does it, subvert the higher rule, which casts upon a parent the care and maintenance of his offspring. The welfare of the state, as also every principle of law, statutory, natural, and divine, demand that, so long as he has any substance at all, he shall apply it to the maintenance of his children. Creditors, as well as all citizens, are interested in the enforcement of this rule. The restraining order heretofore entered will be vacated as to such portion as restrains the collection of said $3.50 per week subsequent to the filing of the bankrupt's petition herein.