In re SOUTHERN STEEL CO.

WICKERSHAM v. ALABAMA STEEL & WIRE CO.

(District Court, N. D. Alabama, S. D. December 7, 1910.)

No. 7,977.

1. BANKRUPTCY (§ 320*)—PROVABLE DEBTS—UNLIQUIDATED CLAIMS—CONSTRUC-
   TION OF STATUTE.
   Bankr. Act July 1, 1898, c. 541, § 63b, 30 Stat. 562 (U. S. Comp. St. 1901,
   p. 3447), which provides that unliquidated claims against a bankrupt may
   be liquidated by direction of the court, and thereafter proved and allowed
   against the estate, does not enlarge the class of debts which may be
   proved under subdivision "a" of such section, but merely permits the liq-
   uidation of unliquidated claims which come within such subdivision.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 320.*]

2. BANKRUPTCY (§ 314*)—PROVABLE DEBTS—NATURE OF LIABILITY.
   The remedy by which a liability is enforced is not determinative of its
   provability in bankruptcy, but the nature of the liability rather is the
   test.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

3. BANKRUPTCY (§ 314*)—PROVABLE "DEBT"—STATUTORY PENALTIES.
   The liability of a bankrupt for the statutory penalty for cutting trees,
   imposed by Code Ala. 1907, § 6035 et seq., is not a "debt" founded upon an
   implied contract, which can be proved against his estate in bankruptcy,
   under Bankr. Act July 1, 1898, c. 541, § 63a (4), 30 Stat. 562 (U. S. Comp.
   St. 1901, p. 3447).
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*
   For other definitions, see Words and Phrases, vol. 2, pp. 1864–1886; vol.
   8, p. 7628.]

In the matter of the Southern Steel Company, bankrupt. On mo-
tion for leave to liquidate claim. Denied.

See, also, 169 Fed. 702.

A. G. & E. D. Smith, for plaintiff.

Campbell & Johnston, for defendant.

GRUBB, District Judge. The question presented by the petition
is whether a liability of the bankrupt for the statutory penalty for
cutting trees (Code Ala. 1907, § 6035 et seq.) is a provable debt in
bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 63a (4), 30
Stat. 562 (U. S. Comp. St. 1901, p. 3447), which reads:

"Debts of the bankrupt may be proved and allowed against his estate
which are  *   *   *  (4) founded upon an open account or upon a contract
express or implied."

The contention of the petitioner, that subdivision "b" of section 63
extends the scope of provable debts beyond those classified in the
five subdivisions of subdivision "a" of that section, is, as stated in
his brief, left undecided by the Supreme Court in the case of Crawford
v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147. However,
in the case of Dunbar v. Dunbar, 190 U. S. 340, 23 Sup. Ct. 757,
47 L. Ed. 1084, that court, through Justice Peckham, said (page 350
of 190 U. S., page 761 of 23 Sup. Ct., 47 L. Ed. 1084):

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"In section 63b, provision is made for unliquidated claims against the bankrupt, which may be liquidated upon application to the court in such manner as it shall direct, and may thereafter be proved and allowed against the estate. This paragraph 'b,' however, adds nothing to the class of debts which might be proved under paragraph 'a' of the same section. Its purpose is to permit an unliquidated claim, coming within the provision of section 63a, to be liquidated as the court should direct."

Following this intimation, I think the provability of the plaintiff's claim depends upon whether it comes within the scope of section 63a (4), above set out.

It is conceded that the liability to constitute a provable claim must be one arising out of an implied contract. Quasi contractual liabilities, such as torts, which admit of waiver and an election to sue as for a contract, are within the class. Remington (page 377) says:

"However, in cases where the tort may be waived and suit be brought in contract, the claim may be proved in bankruptcy, but may not be so proved where the tort cannot be waived and suit be brought in contract. Not every tort is of such a nature that it may be waived and suit brought on an implied contract. Only those torts that have resulted in the enrichment of the wrongdoer are such, for the measure of the enrichment is the measure of the implied contract"—citing In re United Button Co. (D. C.) 15 Am. Bankr. Rep. 391, 140 Fed. 495.

Using this test, the conversion of the trees, to the extent of actual damage caused, would constitute a provable claim; the bankrupt wrongdoer having been enriched to that extent. The statutory penalty, on the contrary, is not the measure of the implied contract, but an arbitrary fine imposed on the wrongdoer. Damages for conversion could be obtained, separately from the penalty and contemporaneously with it, and would constitute a provable claim, because the actual damages would have enriched the wrongdoer and would constitute the measure of the implied contract. The arbitrary penalty of the statute could in no sense be said to be the measure of the implied contract, and, for that reason, is not within the class of claims arising out of torts that are provable.

In the case of Wilson v. National Bank of Rolla (C. C.) 3 Fed. 391, the court said—construing the act of 1867—of a penalty imposed by a statute against usury (page 393):

"It is very clear that a liability for violation of a penal statute is not a debt within the terms of the law, and that is all the claim there was in favor of the bankrupt at the time of the adjudication in bankruptcy."

Remington (section 683) reads:

"But even certain classes of judgments have been construed not to be claims provable in bankruptcy, such as judgments by way of penal fines, for alimony, and judgments and agreements for the support of a wife and children, or of a bastard child."

Loveland (section 110, p. 339), after defining the statutory term "debt," says:

"If this is the meaning of debt in this section [63a], it is clear that a judgment for a fine or penalty, or a claim for alimony, or any other claim not founded upon an agreement or contract, however just and lawful in itself, is not provable in bankruptcy."

As persuasive that Congress did not intend that liabilities for penalties should be proven, regardless of the actual damage done by the bankrupt's wrongful act to the claimant, the law limits the right of the United States, a state, a county or district, or a municipality to prove for a penalty, except for the amount of the pecuniary loss sustained by the act out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby, and such interest as may have accrued thereon according to law (section 57j). Of the purpose of this provision, Collier says (7th edition, p. 607):

"The purpose of subdivision 'j' is clear. The creditors at large are not to be mulcted, except to the amount of the pecuniary loss sustained, interest, and costs, because of debts owing the sovereign as a penalty or forfeiture."

The same reasoning would apply, and with greater force, to a penalty claimed by an individual. It is not conceivable that Congress would have placed an individual in better condition than his sovereign in respect to penalty claims. The sole alternative is that penalties are not provable by individuals, at all.

Petitioner relies on the case of Rogers v. Brooks, 99 Ala. 31, 11 South. 753, as showing that penalties under this statute are liabilities arising out of implied contracts, and, for that reason, provable. The court in that case said (page 35 of 99 Ala., page 754 of 11 South.):

"At common law the action of debt is the appropriate action for the recovery of a statutory penalty, upon the ground of an implied promise, which the law annexes. The rule of decision in this state is in harmony with the common law, and has been stated thus: 'When a statute creates a liability to pay money, but does not prescribe any remedy by which a recovery shall be had, debt is the proper remedy.'"

And again, after stating the facts alleged in the complaint, the court said:

"And from these facts, so averred, the law implies the promise of defendant to pay the penalty, prescribed by the statute."

The court did not construe the particular statute, imposing the penalty in question, as one creating a contractual liability, but proceeded upon the principle of common law that to all statutes, imposing penalties and prescribing no remedies for their recovery, was annexed an implied promise of the wrongdoer to pay. This is a matter of general, and not local, law. This rule of common-law construction is confined to the purpose of furnishing a remedy where the statute provided none. The remedy by which a liability is enforced is not determinative of its provability as a debt in bankruptcy. The nature of the liability is rather the test. Clearly a statutory penalty has none of the elements of contract or tort which can be waived, and so converted into quasi contract. The essential element of consent is absent, and the law in this class of cases imposes liability without either express or implied consent. If the Alabama case is an authority for the provability of this particular penalty, it is because all statutory penalties, recoverable by an action of debt, are provable in bankruptcy. Such a rule would give undue weight to the arbitrary form of remedy as against the inherent nature of the

cause of action. There is no element of contract, express or implied, about a statutory penalty, except the common-law form of action by which it may be enforced, when no specific remedy is prescribed. Statutory and common-law liabilities of different kinds, not predicated on contract, have been held nondischargeable or nonprovable in bankruptcy in the following cases: Dunbar v. Dunbar, 190 U. S. 340, 23 Sup. Ct. 757, 47 L. Ed. 1084; In re Baker (D. C.) 96 Fed. 954; In re Hubbard (D. C.) 98 Fed. 710; In re Moore (D. C.) 111 Fed. 145; Wilson v. National Bank (C. C.) 3 Fed. 391; Spalding v. New York, 4 How. 21, 11 L. Ed. 858; Wetmore v. Markoe, 196 U. S. 68, 25 Sup. Ct. 172, 49 L. Ed. 390.

An order will be entered, denying leave to liquidate the claim in the bankruptcy court, and dissolving the injunction, and permitting the petitioner to proceed with his suit in the state court.