MAUD H. BUSH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75889. Promulgated December 3, 1935.

*John W. Drye, Jr., Esq.*, for the petitioner.
*George D. Brabson, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent determined a deficiency of $11,552.16 in petitioner's income tax for 1931. The only point upon which the petitioner assails the deficiency is that her gross income may not include $60,000 received by her from a trust fund set up by her former husband before the two were divorced. The facts are stipulated.

Petitioner and Irving T. Bush were formerly married. In May 1930 each sought divorce. Before the decree, on June 6, 1930, Bush

created a trust for the express purpose of adjusting and settling any claims against him by petitioner for dower, maintenance, support or otherwise, in the event that she should secure a decree of absolute divorce. He transferred to the trustee property calculated to yield an income sufficient to enable the trustee to pay petitioner therefrom annually $60,000, and he agreed, in the event that the trust income should be inadequate, to make up the difference. Thereafter, on June 9, 1930, a decree of divorce was entered in which the agreement was recognized as a settlement of petitioner's claims for support and maintenance and as the ground for her waiver of alimony. The agreement was approved by the decree and the income was described in the decree as " in lieu of any alimony."

The respondent, in the notice of deficiency, has made no explanation of the ground upon which he treats the $60,000 as income, and the determination to this effect is directly contrary to his ruling, in G. C. M. 13308, C. B. XIII–32–6936, which appears to be a consideration of this identical case.

The question whether the income of such a trust as this should be included in the husband's taxable income has now been affirmatively answered. *Douglas* v. *Willcuts*, 296 U. S. 1. The question here is whether the income from the trust is properly to be included in the taxable income of the wife. We are of opinion that since the amount is received under an express agreement it shall settle the wife's claims for dower, maintenance and support, and that this is expressly recognized by the court's decree as in lieu of alimony, it is brought within *Gould* v. *Gould*, 245 U. S. 151, in which the Court held that " the sum received by the wife on account [of alimony] can not be regarded as income arising or accruing to her within the enactment." This is clearly the proposition adopted in *Douglas* v. *Willcuts, supra.* See also *Mary R. Spencer*, 20 B. T. A. 58.

The respondent's determination, including the $60,000 in the petitioner's taxable income, is reversed.

*Judgment will be entered under Rule 50.*