STEPHEN J. LEONARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65805. Promulgated September 28, 1937.

*J. Donald Duncan, Esq.*, for the petitioner.
*Dean P. Kimball, Esq.*, for the respondent.

566

OPINION.

ARNOLD: The question for our determination is whether all or any part of the $16,191.34 received as income by the trustee from June 4 to December 31, 1929, is taxable to petitioner. The Commissioner included it all in his assessment of deficiency and petitioner claims no part of it is taxable to him.

At the time the separation agreement and the trust agreement were executed, June 4, 1929, petitioner and Adelaide Leonard were husband and wife. An action for divorce was pending by the wife against petitioner. The marriage relationship imposed on petitioner a legal obligation to support and maintain his wife. As a father he was under legal obligation to support and maintain his children during their minority.

The court has authority in dissolving the marriage relationship to make provision for the future support and maintenance of the wife and minor children. In arriving at a suitable amount for this purpose the court takes into consideration the wealth and standing of the parties, their habits of living and surrounding circumstances, and what the parties themselves consider a suitable allowance in view of their agreements.

Pending the divorce proceedings negotiations were conducted between the husband and the wife for the adjustment of this legal obligation. These negotiations culminated in the execution of the separation agreement and the trust agreement of June 4, 1929. Thereafter and on July 22, 1929, petitioner's wife obtained an interlocutory decree of divorce, which became final October 22, 1929.

The petitioner was a wealthy individual with an estate valued at about two million dollars. His family consisted of his wife and three children, two of whom were minors.

The separation agreement recited that some provision had been made in the trust agreement for the maintenance and support of the wife and children and the trust agreement was incorporated therein as though fully and at length set forth.

By the trust agreement petitioner put up cash and securities in the amount of $650,000, from the net income of which $5,000 per year was payable to each of the three children of the wife and petitioner, and the remaining net income to the wife "during her life to be used by her for her maintenance and support, and in her sole discretion for the support, maintenance and education of the children by herself and the grantor", the portion of income of any child that might die during the lifetime of the wife likewise to be paid the wife.

We think the purpose of both instruments was to make suitable provision for the support and maintenance of the wife and minor children, that they should be construed to that end, and that in so far as provision was made in the trust agreement for the future support of the wife and minor children it was in fulfillment of the legal obligation the marriage relation imposed on petitioner and the natural obligation a father has to support his minor children.

The court had both the separation agreement and the trust agreement before it when it entered its order in the divorce proceeding. When the court by its order and decree approved and affirmed the separation agreement and made it a part of its judgment, in accordance with its provisions, the trust agreement likewise became a part of the decree and was approved and affirmed, as the separation agreement referred to the trust agreement in the following language:

* * * some provision has been made by the second party [petitioner] for the maintenance and support of the first party [wife] and the aforesaid two daughters and son, which trust agreement is incorporated herein by reference thereto as though fully and at length set forth, and is marked Exhibit "A".

Considering the extent of petitioner's estate, it is reasonable to suppose that, but for the benefits accruing to the wife and minor children from the trust income, she would have asked for and the court would have awarded an amount in excess of that provided in the separation agreement for her support and maintenance and that of the children. Furthermore, the establishment of the trust fund was dependent upon an absolute decree of divorce, as petitioner reserved the power to alter, amend, or revoke in case the divorce was not made final and could have revoked it at any time had the wife not prosecuted her suit to a successful conclusion. This is inconsistent with petitioner's contention that the establishment of the trust was an independent property settlement separate and apart from any obligation to support growing out of the marriage relationship.

Petitioner argues that as the court by its decree only ordered the husband to pay $35,000 per year to the wife during her life, as

provided in the separation agreement, and did not specifically order the payments to be made under the trust, the payments of income under the trust were not intended for alimony and support. Payments of income from the trust were to be made by the trustee in accordance with the terms of the trust instrument, and approval of the separation agreement in which was incorporated the trust instrument, in effect, carries with it approval of the payments to be made for the purposes provided in the trust agreement, hence no necessity existed for specific reference in the decree for payment of the trust income for the support and maintenance of the wife and minor children.

A husband has a legal obligation for the support and maintenance of his wife and minor children, and in New York the courts will enforce an agreement for alimony entered into between husband and wife prior to divorce, *Daggett* v. *Daggett*, 5 Paige, 509; 28 Am. Dec. 442; *Hamlin* v. *Hamlin*, 230 N. Y. S. 51. This legal obligation arises from the relation of marriage. This general obligation for support and maintenance is made specific by the decree of the court of appropriate jurisdiction. *Audubon* v. *Shufeldt*, 181 U. S. 575; *Romaine* v. *Chauncey*, 129 N. Y. 566; 29 N. E. 826. Agreement between the parties for support and maintenance executed during the pendency of the divorce proceeding, incorporated in the decree, becomes merged in the judgment, *Kunker* v. *Kunker*, 246 N. Y. S. 118. The decree of the court for the future maintenance and support of the wife may be in the form of annual payments of alimony or a part of the husband's estate. *Gould* v. *Gould*, 245 U. S. 151. The establishment of a trust fund does not destroy the effect of the payments being for support and maintenance, *Mary R. Spencer*, 20 B. T. A. 58.

*Douglas* v. *Willcuts*, 296 U. S. 1, involved a trust quite similar to the one here. A trust fund was set up a few days before the wife obtained a divorce, the income from which was to be used for the purpose of paying alimony. It was held that as the income of the trust was to be used for that purpose the husband received the benefit of the trust income in discharge of his legal obligation to support and maintain his wife and the income was taxable to him.

The Supreme Court held a settlor of a trust taxable with the trust income where it was used to pay his debts in *Helvering* v. *Blumenthal*, 296 U. S. 552, in reversing the Second Circuit (76 Fed. (2d) 507), and where it was used to discharge his obligation to maintain and support his minor children in *Helvering* v. *Schweitzer*, 296 U. S. 551, in reversing the Seventh Circuit (75 Fed. (2d) 702), and in *Helvering* v. *Stokes*, 296 U. S. 551, in reversing the Third Circuit (79 Fed. (2d) 256), and where the beneficiary of a trust irrevocably assigned a part of the trust income to his wife who subsequently obtained a divorce in which the decree made no provision for alimony in *Helvering* v.

*Coxey*, 297 U. S. 694, in reversing the Third Circuit (79 Fed. (2d) 661).

These decisions are predicated on *Douglas* v. *Willcuts*, *supra*, and establish the proposition that where the income of a trust is to be used in discharge of any legal obligation which the settlor would other-wise have to satisfy, the settlor is taxable with such income to the same extent as if it were personally received.

See also *Helvering* v. *Grosvenor*, 85 Fed. (2d) 2; *Commissioner* v. *Hyde*, 82 Fed. (2d) 174; *Albert C. Whitaker*, 33 B. T. A. 865.

In *Helvering* v. *Brooks*, 82 Fed. (2d) 173, the Second Circuit had before it an irrevocable trust, created the day before the divorce decree was granted. The decree made no provision as to alimony or property rights of the wife. It was stipulated, however, that the husband and wife had agreed upon the trust indenture as a settlement of their property rights "arising from the relationship of marriage." The taxpayer sought to make a distinction between an agreement to pay alimony and an agreement for settlement of property rights. In reversing the Board of Tax Appeals and holding the income tax-able to the husband, the court said:

* * * Whether the trust income is used to discharge the husband's duty, made specific by agreement, to support the wife, or to discharge an obligation to pay her agreed sums for a release of rights in his property, cannot be ma-terial in determining the taxability of the husband. The creation of a trust the income of which is to be used to discharge any legal obligation of the settlor enables him to enjoy the benefit of the income; hence the income is properly taxable to him. Compare *Helvering* v. *Blumenthal*, 296 U. S. 552, 56 S. Ct. 305, 80 L. Ed. ——; *Helvering* v. *Schweitzer*, 296 U. S. 551, 56 S. Ct. 304, 80 L. Ed. —; *Helvering* v. *Stokes*, 296 U. S. 551, 56 S. Ct. 308, 80 L. Ed. —; *Helvering* v. *Coxey*, 297 U. S. ——, 56 S. Ct. 498, 80 L. Ed. —; all of which have been recently decided on the authority of *Douglas* v. *Willcuts*. Indeed, in the *Douglas* Case itself the trust provisions for the wife were in settlement not only of alimony but also "of any and all dower rights or statutory interests in the estate" of the husband, and the court pointed out (296 U. S. 1, at page 8, 56 S. Ct. 59, 62, 80 L. Ed. ——) that this did not affect the essential quality of the payments.

On the authority of the cases above cited, the order of the Board is reversed.

Petitioner cites and relies on the case of *Commissioner* v. *Tuttle*, 89 Fed. (2d) 113, as controlling here. There an irrevocable trust was set up by the husband as a property settlement which included settlement and discharge of all claims of the wife for alimony, support, and maintenance of the wife and a complete settlement of all property rights forever under all circumstances and regardless of the outcome or disposition of the divorce proceeding by the wife then pending against her husband. In the instant case the trust was con-ditioned on a final decree severing the marriage relation. The reser-vation of the power to amend or revoke in the event the divorce was not made final or the divorce proceeding was discontinued or dis-missed, or to change or amend with his wife's consent after the decree

became final, destroys the argument of petitioner that the trust was an independent property settlement having no connection with his marital obligation to support and maintain his wife.

The effect of the creation of the trust was the appropriation of a portion of petitioner's property for the uses and purposes specified in the trust instrument the income from which, in so far as it was payable for the maintenance and support of the wife and minor children, was in discharge of an obligation of petitioner, existing at that time. This obligation was made permanent by the decree of the divorce when it was approved and affirmed and incorporated in the decree as a part of the separation agreement.

Petitioner argues that he completely divested himself of all interest in the trust corpus and income and as no part would ever revert to him, the income is not taxable to him as income used to discharge his legal obligation. Petitioner did not part with all present interest. Under the facts and circumstances here the income distributed was charged with serving a beneficial use of the grantor, i. e., a partial discharge of his legal obligation for the support and maintenance of his wife arising by reason of the marriage relation and the support and maintenance of his minor children by reason of his parental obligation. Furthermore, he had the power with the consent of his wife to change or amend the trust agreement after the decree of divorce became final, and it is an established fact that he did exercise this power on three separate occasions. We are of the opinion and hold that the income of the trust distributed during the taxable year, except that portion paid to Jeanne Leonard in the amount of $2,083.33, is taxable to petitioner. *Robert Glendinning et al., Executors*, 36 B. T. A. 486.

The undistributed portion of the income received during the taxable year is not taxable to petitioner, *E. E. Black*, 36 B. T. A. 346; G. C. M. 18972, I. R. B. Vol. XVI—No. 33, p. 6.

*Decision will be entered under Rule 50.*