ROWE B. METCALF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87328.   Promulgated June 30, 1939.

*Harold B. Tanner, Esq.,* and *Rollin Browne, Esq.,* for the petitioner.

*S. U. Hiken, Esq.,* for the respondent.

OPINION.

LEECH: This is a proceeding to redetermine a deficiency of $10,972.14 in petitioner's income tax for the calendar year 1934. The amount of the deficiency has already been paid by petitioner, so that the question is whether petitioner has overpaid his tax for that year. The only issue is whether the income of a trust, established by petitioner for the benefit of his divorced wife, is taxable to petitioner.

The facts are found as stipulated.

Petitioner married Mary Sewall in June 1922, the ceremony being performed in the State of Maine. Marital differences subsequently

arose and, prior to September 24, 1930, petitioner orally agreed with his wife that if she should secure a divorce from him within one year after September 24, 1930, he would pay her $150,000 and establish a trust fund of $600,000 for her, in lieu of alimony. The divorce decree was to contain no provision in this respect, while she would execute and deliver deeds releasing all dower and other rights in petitioner's real estate located in North Carolina and Connecticut.

On September 24, 1930, petitioner's wife, Mary Sewall Metcalf, instituted a proceeding against petitioner for an absolute divorce in the Superior Court of Cumberland County, Maine, where the parties had been residing for more than a year. On the same day and just prior to the institution of the divorce proceedings, petitioner entered into an agreement and also an indenture of trust with the Old Colony Trust Co. of Massachusetts. Reciting the marital differences between petitioner and his wife, the oral agreement, conditioned upon her procuring a divorce from petitioner and providing for the creation of the trust by petitioner, in lieu of alimony, and the deposit by petitioner of the moneys necessary to carry out the oral agreement pursuant to the terms of the attached trust indenture, the agreement provided that, until a certified copy of the divorce decree and the deeds releasing dower should be presented to it, the Old Colony Trust Co. would invest the moneys just as if the trust were in operation, and upon presentment of such decree and deeds, would deliver $150,000 to Mary Sewall Metcalf (or the securities in which it might have been invested), $600,000 (or the securities in which it was then invested) to the Old Colony Trust Co. as trustee under the trust indenture and transfer the deeds to petitioner. It further provided that if Mary Sewall Metcalf should not procure the divorce within a year, the Old Colony Trust Co. would return the moneys or the securities in which they had been invested to petitioner and that the annexed trust indenture would be null and void.

The trust indenture provided that as soon as the trustee should receive the sum of or the investments representing $600,000, it was to hold, manage, invest, and reinvest the property in trust for the following purposes: To pay the net income to Mary Sewall Metcalf for her life, upon her death to pay the net income to the three minor children of the settlor and Mary Sewall Metcalf, or their issue per stirpes, until all of the children should have reached the age of 35 or died, and then to distribute the principal among the living children and/or their issue per stirpes. In the event that none of the children nor their issue should take the principal at that time, the principal was to be distributed as on the donor's intestacy.

The indenture further declared that petitioner, as donor, reserved no right to amend or revoke the trust and that all rights which the

donor then had or might have, to control or otherwise deal with the trust, were thereby relinquished.

Mary Sewell Metcalf was granted a decree of absolute divorce from petitioner on December 2, 1930. The decree contained no provision for alimony. Shortly thereafter she presented a certified copy of the decree and deeds releasing her dower rights, to the Old Colony Trust Co., and received the sum of $150,000. The trust company transferred the $600,000 to itself as trustee and the trust came into operation. The deeds of release were delivered to petitioner.

On September 21, 1935, Mary Sewall Metcalf petitioned the court, which had granted the divorce, for a clarification of the decree, by insertion of a provision for alimony therein. The court handed down a decision dismissing this petition on December 16, 1935. In its opinion it pointed out that, since the parties had entered into their own agreement for financial arrangements and a property settlement, there was no ground for altering the decree.

The net income of the trust for the year 1934, amounting to $20,929.02, was not included in petitioner's return for the calendar year 1934. It is respondent's contention that such income is properly taxable to petitioner.

Because the income of a trust for the benefit of the divorced wife of the settlor is charged with the payment of a legal obligation of the settlor to provide for the wife's support and maintenance, the Supreme Court has held in *Douglas* v. *Willcuts*, 296 U. S. 1, that such trust income is taxable to the settlor. Petitioner earnestly argues that the application of the doctrine of *Douglas* v. *Willcuts*, *supra*, is precluded by two facts here. These facts, absent in the *Douglas* case, are (1) the divorce decree makes no mention of alimony nor does it refer to the trust in any way; and (2) the petitioner is under no continuing obligation to make up deficiencies in the annual income of the trust in order to provide his wife with a specific yearly sum, but on the contrary has fully liquidated his obligation of support by the act of creating the irrevocable trust.

There is no merit in the first contention. In *Helvering* v. *Coxey*, 297 U. S. 694 (reversing 79 Fed. (2d) 661); *Helvering* v. *Brooks*, 82 Fed. (2d) 173; and *John Ernest Goldring*, 36 B. T. A. 779, all of which were decided since the *Douglas* case, the divorce decrees made no reference whatever to the trust settlements nor did they provide for alimony. Nevertheless those cases followed *Douglas* v. *Willcuts* and held the income of each trust taxable to the respective settlors. The reason for this is, as pointed out in *Commissioner* v. *Hyde*, 82 Fed. (2d) 174, that the wife, relying on her husband's promise to create the trust, does not ask for an alimony provision in the decree.

" * * * Under such circumstances to hold that the trust was established as a voluntary gift and that the trust income has not been used to satisfy the husband's obligation of support would be to close one's eyes to the realities * * *."

Similarly, the courts and the Board, in the above cases, paid no attention to whether the settlor was required to make up deficiencies in the trust income. The obligation of support is not liquidated by the mere creation of the trust. It is the continuous operation of the trust which satisfies this obligation. " * * * Petitioner did not part with all present interest. Under the facts and circumstances here the income distributed was charged with serving a beneficial use of the grantor, i. e., a partial discharge of his legal obligation for the support and maintenance of his wife arising by reason of the marriage relation and the support and maintenance of his minor children by reason of his parental obligation * * *." *Stephen J. Leonard*, 36 B. T. A. 563.

It is clear that the present trust discharged a legal obligation of petitioner. Under Maine Revised Statutes, 1930, ch. 73, sec. 9, the divorce court has a discretionary power to decree alimony payments. See *John Ernest Goldring, supra*. The court that granted the divorce to petitioner's wife did not so decree because the wife, being already provided for, did not ask for alimony. When, in a later proceeding, she sought to have the decree amended, the court declined to do so on the express ground that provision for support had already been made by the agreement of the parties. It is to be noted that the agreement of September 24, 1930, specifically recited that the trust fund was being created "in lieu of alimony." See *Alsop* v. *Commissioner*, 92 Fed. (2d) 148, 149.

We have not overlooked the case of *Commissioner* v. *Tuttle*, 89 Fed. (2d) 112. That case has not been followed because it is out of line with the *Brooks* and *Coxey* cases (see *John Ernest Goldring, supra*). Moreover, it is distinguishable in that there the trust settlement was to take effect regardless of the outcome of divorce proceedings and thus partook more of the nature of an independent property settlement having no connection with a marital obligation of support. *Stephen J. Leonard, supra. Fitch* v. *Commissioner*, 103 Fed. (2d) 702 (reversing a Board memorandum opinion), is directly contrary to the result we reach here. The court there reasons that the creation of the trust was a lump sum settlement which *eo instante* discharged the grantor's duty of support. Despite our respect for that tribunal, we find ourselves unable to follow the reasoning of the *Fitch* case. See also *E. T. Weir*, 39 B. T. A. 400; *Donnelley* v. *Commissioner*, 101 Fed. (2d) 879; and *Commissioner* v. *Hyde, supra*.

*Decision will be entered for the respondent.*